UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------

ARWA H.,

Plaintiff,

**DECISION AND ORDER**
1:25-CV-08988-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In August of 2022, Plaintiff Arwa H.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Olinsky Law Group, Howard D. Olinsky, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

This case was referred to the undersigned on August 27, 2026. Presently pending are the parties' competing requests for judgment on the pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure.

For the following reasons, Plaintiff's request is due to be granted, the Commissioner's request is due to be denied, and this case is remanded for further administrative proceedings.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on August 16, 2022, alleging disability beginning February 1, 2022. (T at 224-35, 236-37).[2] Plaintiff's applications were denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on August 13, 2024, before ALJ Vincent Cascio. (T at 39-6-8). Plaintiff appeared with an attorney and testified with the assistance of an interpreter. (T at 51-57). The ALJ also received testimony from Becky Johnston, a vocational expert. (T at 57-66).

### *B. ALJ's Decision*

On October 9, 2024, the ALJ issued a decision denying the applications for benefits. (T at 17-38). The ALJ found that Plaintiff would

[2] Citations to "T" refer to the administrative record transcript at Docket No. 101.

meet the insured status requirements of the Social Security Act through December 31, 2025 (the date last insured) and had not engaged in substantial gainful activity since February 1, 2022 (the alleged onset date) (T at 22-23).

The ALJ concluded that Plaintiff's rheumatoid arthritis with positive rheumatoid factor, lateral epicondylitis of the right elbow, and obesity were severe impairments as defined under the Act. (T at 23).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 25).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can occasionally climb ramps and stairs, but never climb ropes, ladders or scaffolds; occasionally stoop, crouch and kneel, but never crawl; cannot have exposure to unprotected heights or hazardous machinery; can frequently reach overhead with the right upper extremity and can frequently handle and finger with the right upper extremity. (T at 26).

The ALJ concluded that Plaintiff could not perform her past relevant work as a salesclerk. (T at 31). However, considering Plaintiff's age (46 on

the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (T at 31-32).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between February 1, 2022 (the alleged onset date) and October 9, 2024 (the date of the ALJ's decision). (T at 33).

On August 28, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

*C. Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on October 30, 2025. (Docket No. 1). On May 8, 2026, Plaintiff filed a brief requesting judgment on the pleadings (Docket No. 15, 16). The Commissioner, on June 30, 2026, filed a brief in opposition to the motion requesting judgment on the pleadings. (Docket No. 16). On July 17, 2026, Plaintiff submitted a reply brief in further support of her request. (Docket No. 17).

## II. APPLICABLE LAW

### *A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

> considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not “listed” in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises one main argument in support of her request for reversal of the ALJ’s decision. She challenges the ALJ’s step two analysis.

*A. Step Two Analysis*

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

The following are examples of “basic work activities”: “walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, co-workers and usual work situations.” *Gibbs v. Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(l) (5).

Although the Second Circuit has held that this step is limited to “screen[ing] out de minimis claims,” *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995), the “mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment” is not, by itself, sufficient to render a condition “severe.” *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y.1995).

A “finding of ‘not severe’ should be made if the medical evidence establishes only a ‘slight abnormality’ which would have ‘no more than a

minimal effect on an individual's ability to work.'" *Rosario v. Apfel*, No. 97-CV-5759, 1999 WL 294727 at *5 (E.D.N.Y. March 19,1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987)).

As noted above, the ALJ concluded that Plaintiff's rheumatoid arthritis with positive rheumatoid factor, lateral epicondylitis of the right elbow, and obesity were severe impairments as defined under the Act. (T at 23).

Plaintiff argues that the ALJ erred by failing to address her chronic fatigue syndrome.

Dr. Ammir Rabadi, a treating physician, completed a physical medical source statement in August of 2024. He diagnosed rheumatoid arthritis and chronic fatigue. (T at 530). Dr. Rabadi opined that Plaintiff would need to take 10-minute breaks every 30 minutes over the course of a workday due to muscle weakness and chronic fatigue. (T at 531). He also believed Plaintiff would be off task 25% or more of the time and was likely to be absent from work more than 4 days per month due to her impairments and treatment. (T at 532-33).

Plaintiff reported that she always feels tired and needs a break to rest after making her bed and breakfast because she is fatigued. (T at 52, 55, 286).

The ALJ did not mention the chronic fatigue diagnosis in his decision. The ALJ referenced Plaintiff's "symptoms of fatigue" and recognized that these symptoms "would seemingly affect concentration to some extent." (T at 24, 27). The ALJ stated, however, that "no medical source" identified a limitation in Plaintiff's concentration. (T at 24). This finding is directly contradicted by Dr. Rabadi's assessment.

In addition, the ALJ concluded that Plaintiff's subjective complaints were "not entirely consistent with the medical evidence and other evidence in the record …." (T at 30). Plaintiff's subjective complaints, however, were (a) consistent with the assessment of Dr. Rabadi (a treating physician) and (b) entitled to enhanced credibility due to the chronic fatigue syndrome diagnosis.

Chronic fatigue syndrome "is recognized by the Social Security Administration as a disease which, while not specifically addressed in the Listings, may produce symptoms which 'significantly impair [a] claimant's ability to perform even sedentary work....'" *Fragale v. Chater*, 916 F. Supp. 249, 253–54 (W.D.N.Y. 1996)(quoting *Rose v. Shalala*, 34 F.3d 13, 17 (1st Cir. 1994) and collecting cases).

Moreover, "because the methods for diagnosing chronic fatigue syndrome are limited, the credibility of the claimant's testimony regarding

her symptoms takes on ‘substantially increased’ significance in the ALJ's evaluation of the evidence.” *Id.* at 254 (citing *Reed v. Sec'y of Health & Hum. Serv*s., 804 F. Supp. 914, 918 (E.D. Mich. 1992)).

Here, the ALJ’s decision to discount Plaintiff’s subjective complaints of disabling fatigue is undermined by his failure to address, and account for, the chronic fatigue syndrome diagnosis.

The Commissioner defends the ALJ’s decision by noting that the ALJ referenced Plaintiff’s complaints of fatigue and arguing that the ALJ adequately accounted for fatigue by limiting Plaintiff to a reduced range of light work.

The Commissioner’s argument is unavailing for several reasons.

Because the ALJ did not address Plaintiff’s chronic fatigue syndrome and/or analyze whether it was a severe impairment, the Commissioner’s argument is necessarily *post-hoc*. *See Newbury v. Astrue*, 321 F. Appx 16, 18 (2d Cir. 2009) (“A reviewing court ‘may not accept appellate counsel's post hoc rationalizations for agency action.’”)(quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)); *see also Rosa v. Comm'r of Soc. Sec.,* No. 17 Civ. 3344, 2018 U.S. Dist. LEXIS 137494, at *44 (S.D.N.Y. Aug. 13, 2018)(“Post hoc justifications raised by the Commissioner in her memorandum of law do not cure defects in the ALJ’s decision ….”).

A reviewing court may sometimes overlook an ALJ's failure to expressly resolve an issue and/or address evidence if it is possible to "glean the rationale of the ALJ's decision." *Cichocki v. Astrue*, 534 Fed. Appx. 71, 76 (2d Cir. 2013).

Notably, however, this should be done sparingly and only where the "the record contains robust support for the finding that [the claimant] is not disabled" and it is clear the ALJ considered all the relevant evidence. *Barrere v. Saul*, 857 F. Appx. 22, 24 (2d Cir. 2021). That is not the case here.

Moreover, the RFC determination does not incorporate any limitations to account for symptoms related to Plaintiff's chronic fatigue syndrome, including the need for breaks during the workday, impairment in her concentration, and restriction in her ability to sustain a schedule.

Lastly, the Commissioner points to the opinions of the non-examining State Agency review physicians, Dr. Cincore and Dr. Feldman, who assessed limitations generally consistent with the RFC determination. (T at 78-79, 90-91, 99, 106).

The State Agency review opinions were rendered in November of 2022 and June of 2023, respectively. Plaintiff was not diagnosed with chronic fatigue syndrome until November of 2023 so the reviewers did not

have the benefit of Plaintiff's chronic fatigue syndrome diagnosis was they issues their opinions. (T at 465). In addition, the review physicians did not have the opportunity to review Dr. Rabadi's assessment, which was rendered in August of 2024.

"Naturally, if non-examining agency consultants have reviewed only part of the record, their opinions 'cannot provide substantial evidence to support the ALJ's [RFC] assessment if later evidence supports the claimant's limitations.'" *Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *8 (D. Vt. July 14, 2020)(quoting *Ledoux v. Acting Comm'r, Soc. Sec. Admin.*, Civil No. 17-CV-707-JD, 2018 WL 2932732, at *4 (D.N.H. June 12, 2018)); *see also Danette Z. v. Comm'r of Soc. Sec.,* No. 1:19-CV-1273 (ATB), 2020 WL 6700310, at *9 (N.D.N.Y. Nov. 13, 2020).

*B. Remand*

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).

Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has

applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

Here, for the reasons set forth above, remand is required for proper consideration of Plaintiff's chronic fatigue syndrome and its impact on her ability to meet the demands of basic work activity.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is GRANTED; the Commissioner's request for judgment on the pleadings is DENIED; and this case is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: October 2, 2026

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge